**Fill in this information to identify your case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | Christina | R. | Webster | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 (Spouse, if filing) | Click or tap here to enter text | | | |
| | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: __EASTERN__ District of __KENTUCKY__
(State)

Case number (If known)  Click or tap here to enter text

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

_____

Local Form 3015-1(a)

# Chapter 13 Plan                                                                                                             12/17

## Part 1:  Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district.  Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not included |

## Part 2:  Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

| $ 360.00 | per | month | for | 48 | months |
|---|---|---|---|---|---|

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

☒  Debtor(s) will make payments pursuant to a payroll deduction order.
☐  Debtor(s) will make payments directly to the trustee.
☐  Other (specify method of payment):  Click or tap here to enter text

**2.3 Income tax refunds.**

☒  Debtor(s) will retain any income tax refunds received during the plan term.
☐  Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
☐  Debtor(s) will treat income tax refunds as follows:  Click or tap here to enter text

**2.4 Additional payments.**

☒  None.
☐  Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.  Click or tap here to enter text

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ 17,280.00.**

Local Form 3015-1(a)                          **Chapter 13 Plan Exhibit**                                                  Page 1

**Part 3:** **Treatment of Secured Claims**

**3.1 Maintenance of payments and cure of default, if any.**

☐ None.

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| M&T Bank<br>1 Fountain Plaza<br>Buffalo, NY 14203 | Debtor's Residence<br>6478 Gary Drive<br>Independence, KY 41051 | $ 840.00<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s) | $ 12,500.00 | 0.00% | $ | $ 12,500.00 |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☐ None.

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

   (a) payment of the underlying debt determined under nonbankruptcy law, or

   (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate* | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Eagle Financial Services, Inc. | $ 3.000.00 | 2005 Toyota Camry | $ 1,300.00 | $ 0.00 | $ 1,300.00 | 0.00% | $ 27.01 | $ 1,300.00 |

*If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. An allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary provision of the plan.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

☒ None.

**3.4 Lien avoidance.**

☒ None.

**3.5 Surrender of collateral.**

☒ None.

**3.6 All Other Secured Claims.**

An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points, or if a secured tax claim with interest at the applicable statutory rate in effect on the date on which the plan is confirmed. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims

**Part 4:** **Treatment of Fees and Priority Claims**

**4.1 General:** Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees:** Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 7.1% of plan payments; and during the plan term, they are estimated to total **$ 1145.55**.

**4.3 Attorney's fees**

1. Counsel for the debtor requests compensation as follows:

   a. ☒ Pursuant to KYEB LBR 2016-2(a) an attorney's fee for Debtor's counsel shall be allowed in the amount of $ **$2,500.00** (not to exceed $3,500). Of this amount, the debtor paid **$222.50** prior to the filing of the petition, leaving a balance of **$2,277.50** to be paid through the plan. (The Debtor/Attorney for Debtor have complied with KYEB LBR 2016-2(a) and this must match the Rule 2016(b) Disclosure of Compensation of Attorney For Debtor(s)).  Any additional requests for fees or expenses will be requested by separate application.

   OR

   b. ☐ An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court.

2. Until the allowed attorney's fee is paid in full, creditors holding secured claims (including arrearage claims) shall be paid only adequate protection payments ordered by the Court.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

   ☒ **None.**

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   ☒ **None.**

### Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

   Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

   ☐ The sum of **$ _____**.
   ☐ _____ **%** of the total amount of these claims, an estimated payment of **$ _____**.
   ☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

   If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$ 0.00**.  Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

   ☒ **None.**

   ☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
|  | $<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $ | $ |

**5.3 Other separately classified nonpriority unsecured claims.**

   ☒ **None.**

   ☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows.

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
|  |  | $ | % | $ |

### Part 6:   Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

   ☒ **None.**

### Part 7:   Vesting of Property of the Estate

**7.1 Except as provided in Part 8, property of the estate in the possession of the debtor(s) and properly scheduled will vest in the debtor(s) upon:**

   ☐ plan confirmation.
   ☒ entry of discharge.
   ☐ other _____

**7.2 Unless otherwise ordered, the trustee retains all lien avoidance rights provided by statute.**

### Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☒ **None.**

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form 3015-1(a) or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**8.2 Payments outside the plan:** Nonr

**8.3 Treatment of Deficiencies secured claims.** In the event that relief from stay is granted to any secured creditor, or in the event that the Debtors surrender the collateral to the creditor after confirmation, any resulting deficiency remaining after the liquidation of the collateral, shall be classified and paid only as a general unsecured claim, to the extent of the amount of any such deficiency. Any amount of such deficiency that remains unpaid shall be discharged upon completion of the plan. This special provision is intended to cover any and all secured claims, whether payment on such claims are to be made through the plan by the Trustee or to be made directly by the Debtors.

**8.4 Release of Liens.** Each holder of a secured claim that is paid during the term of this Plan shall upon discharge of the Debtor and/or full payment of its claims, release any liens recorded against property securing such claims.

**8.5 Debtor Claims.** Debtors expressly retain for themselves and the Chapter 13 Trustee any and all pre-petition claims against any holder of a claim, and the confirmation of this Plan shall not waive any such claims.

### Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below.*

**X** */s/ Christina Webster*                                   Executed on: *January 24, 2019*
Signature of Christina Webster

**X** *Dolores L. Dennery*                                       Executed on: *January 24, 2019*
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1(a), other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*) | | $12,500.00 |
| b. **Modified secured claims** (*Part 3, Section 3.2 total*) | | $1,300.00 |
| c. **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*) | | $0.00 |
| d. **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*) | | $0.00 |
| e. **Fees and priority claims** (*Part 4 total*) | | |
| Attorney's fees | $2,277.50 | |
| Trustee fees (7.1%) | $1,145.55 | |
| | Fees and priority claims (Part 4 total) | $3,423.05 |
| f. **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*) | | $56.95 |
| g. **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | | $0.00 |
| h. **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | | $0.00 |
| i. **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*) | | $0.00 |
| j. **Nonstandard payments** (*Part 8, total*) | | $0.00 |
| **Total of lines a through j** | | $17,280.00 |

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 19, 2019 a copy of the foregoing was served electronically through the Court's ECF System to all parties registered to receive notices in the above captioned case, and on the following by regular U.S. Mail:

Capital One
15000 Capital One Dr
Richmond, VA 232384

Chase Card
PO Box 15298
Wilmington, DE 19850

Comenity Bank/fashbug
PO Box 182789
Columbus, OH 43218

Credit One Bank Na
PO Box 98875
Las Vegas, NV 89193

Eagle Financial Services, Inc.
7791 Dixie Highway, Suite B
Florence, KY 41042

Elan Financial Service
PO Box 790084
Saint Louis, MO 63179

Jefferson Capital System
16 Mcleland Rd
Saint Cloud, MN 56303

M & T Bank
1 Fountain Plz
Buffalo, NY 14203

Meade & Assc
737 Enterprise Dr.
Lewis Center, OH 43035

Midland Funding
2365 Northside Dr Ste 30
San Diego, CA 92108

Navient
PO Box 9500
Wilkes Barre, PA 18773

Portfolio Recov Assoc
120 Corporate Blvd Ste 100
Norfolk, VA 23502

Receivables Performance
20816 44th Ave W
Lynnwood, WA 98036

St. Elizabeth Healthcare
PO Box 630856
Cincinnati, OH 45263

St. Elizabeth Medical Center, Inc.
One Medical Village Drive
Edgewood, KY 41017

St. Elizabeth Physician Services
PO Box 630839
Cincinnati, OH 45263

Quantum3 Grp LLC
PO Box 965015
Orlando, FL 32896

Syncb/Car Care Tire Discount
PO Box 965068
Orlando, FL 32896

Td Bank Usa/ Target Cred.
PO Box 673
Minneapolis, MN 55440

US Bank Rms CC
PO Box 108
Saint Louis, MO 63166

US Dept Of Ed/glelsi
PO Box 7860
Madison, WI 53707

Webbank/Fingerhut
6250 Ridgewood Rd.
Saint Cloud, MN 56303

Reimer Law Co.
ATTN: Samantha Nix
639 Washington Ave.
Newport, KY 41071

Jason Taylor, Esq
PO Box 70069
Louisville, KY 40270

Jefferson Capital System
16 Mcleland Rd.
Saint Cloud, MN 56303

          */s/ Dolores L. Dennery, Esq.*