**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Shannon | Lee | Perdue |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | Click or tap here to enter text | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: __EASTERN__ District of __KENTUCKY__
(State)

Case number (If known)  19-20133-tnw

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

_____

Local Form 3015-1(a)

# Chapter 13 Plan                                                                         12/17

### Part 1:  Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not included |

### Part 2:  Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

| $ 350.00 | per | month | for | 50 | months |
|---|---|---|---|---|---|

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

☒ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): __

**2.3 Income tax refunds.**

☒ Debtor(s) will retain any income tax refunds received during the plan term.

**2.4 Additional payments.**

☒ None.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $17,500.00.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

☒ None.

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☒ None.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

☐ None.

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate* | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Toyota Motor Credit | 2017 Toyota Corolla | $ 13,763.71<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | 0.00% | $ 269.88 | $ 13,763.71 |

**3.4 Lien avoidance.**

☒ None.

**3.5 Surrender of collateral.**

☒ None.

**3.6 All Other Secured Claims.**

An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points, or if a secured tax claim with interest at the applicable statutory rate in effect on the date on which the plan is confirmed. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 7.1% of plan payments; and during the plan term, they are estimated to total **$1,160.13**.

**4.3 Attorney's fees**

1. Counsel for the debtor requests compensation as follows:

   a. ☒ Pursuant to KYEB LBR 2016-2(a) an attorney's fee for Debtor's counsel shall be allowed in the amount of $ **$2,500.00** (not to exceed $3,500). Of this amount, the debtor paid **$222.50** prior to the filing of the petition, leaving a balance of **$2,277.50** to be paid through the plan. (The Debtor/Attorney for Debtor have complied with KYEB LBR 2016-2(a) and this must match the Rule 2016(b) Disclosure of Compensation of Attorney For Debtor(s)). Any additional requests for fees or expenses will be requested by separate application.

   OR

   b. ☐ An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court.

2. Until the allowed attorney's fee is paid in full, creditors holding secured claims (including arrearage claims) shall be paid only adequate protection payments ordered by the Court.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

☒ None.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒ None.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ☐ The sum of **$ _____**.
- ☐ **_____ %** of the total amount of these claims, an estimated payment of **$ _____**.
- ☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$ 0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

- ☒ None.
- ☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
|  | $<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $ | $ |

**5.3 Other separately classified nonpriority unsecured claims.**

- ☒ None.
- ☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows.

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
|  |  | $ | % | $ |

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

- ☒ None.

## Part 7: Vesting of Property of the Estate

**7.1 Except as provided in Part 8, property of the estate in the possession of the debtor(s) and properly scheduled will vest in the debtor(s) upon:**

- ☐ plan confirmation.
- ☒ entry of discharge.
- ☐ other _____

**7.2 Unless otherwise ordered, the trustee retains all lien avoidance rights provided by statute.**

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

- ☒ None.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Local Form 3015-1(a) or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**8.2 Payments outside the plan.**

**8.3 Treatment of Deficiencies secured claims.** In the event that relief from stay is granted to any secured creditor, or in the event that the Debtors surrender the collateral to the creditor after confirmation, any resulting deficiency remaining after the liquidation of the collateral, shall be classified and paid only as a general unsecured claim, to the extent of the amount of any such deficiency. Any amount of such deficiency that remains unpaid shall be discharged upon completion of the plan. This special provision is intended to cover any and all secured claims, whether payment on such claims are to be made through the plan by the Trustee or to be made directly by the Debtors.

**8.4 Release of Liens.** Each holder of a secured claim that is paid during the term of this Plan shall upon discharge of the Debtor and/or full payment of its claims, release any liens recorded against property securing such claims.

**8.5 Debtor Claims.** Debtors expressly retain for themselves and the Chapter 13 Trustee any and all pre-petition claims against any holder of a claim, and the confirmation of this Plan shall not waive any such claims.

**Part 9:** **Signature(s):**

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below.*

**X** */s/ Shannon Perdue*  
Signature Shannon Perdue

Executed on: *1/29/2019*

**X** */s/ Dolores L. Dennery*  
Signature of Attorney for Debtor(s)

Date: *1/29/2019*

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1(a), other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse.  If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | |
|---|---:|
| a.  **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*) | $0.00 |
| b.  **Modified secured claims** (*Part 3, Section 3.2 total*) | $0.00 |
| c.  **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*) | $13,763.71 |
| d.  **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*) | $0.00 |
| e.  **Fees and priority claims** (*Part 4 total*) | $3,437.63 |
| f.  **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*) | $298.66 |
| g.  **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $0.00 |
| h.  **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $0.00 |
| i.  T**rustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*) | $0.00 |
| j.  **Nonstandard payments** *(Part 8, total)* | $0.00 |
|     **Total of lines a through j** | $17,500.00 |

## CERTIFICATE OF SERVICE

  I hereby certify that on February 19, 2019 a copy of the foregoing was served electronically through the Court's ECF System to all parties registered to receive notices in the above captioned case, and on the following by regular U.S. Mail:

AMEX
PO BOX 297871
FORT LAUDERDALE, FL 333294

AT&T
C/o Bankruptcy
4331 Communications Dr., Flr 4W
Dallas, TX 75211

COVE FEDERAL CREDIT UNION
577 DUDLEY RD
EDGEWOOD, KY 41017

KOHLS/CAP ONE
N56 W 17000 RIDGEWOOD DR
MENOMONEE FALLS, WI 53051

Rotech of Crestview Hills
Orlando - Dept #59
PO Box 850001
Orlando, FL 32885

SEARS/CBNA
PO BOX 6217
SIOUX FALLS, SD 57117

St. Elizabeth Healthcare
PO Box 630856
Cincinnati, OH 45263

St. Elizabeth Medical Center, Inc.
One Medical Village Drive
Edgewood, KY 41017

St. Elizabeth Physician Services
PO Box 630839
Cincinnati, OH 45263

State Farm Fire and Casualty Comp.
2500 Memorial Blvd.
Murfreesboro, TN 37131

SYNCB/LOWES
PO BOX 965005
ORLANDO, FL 32896

SYNCB/WALMART
PO BOX 965024
ORLANDO, FL 32896

TOYOTA MOTOR CREDIT
111 W 22ND ST
OAKBROOK, IL 60521

TRACTOR SUPPLY/CBNA
PO BOX 6497
SIOUX FALLS, SD 57117

TSC Tractor Supply Co.
PO Box 790394
Saint Louis, MO 63179

US DEPT OF ED/GLELSI
PO BOX 7860
MADISON, WI 53707

Alltran Financial LP
Attn: Brandon Toombs PO Box 722929
Houston, TX 77072

Synchrony Bank
Attn: Bankruptcy Dept.
PO Box 965061
Orlando, FL 32896

*/s/ Dolores L. Dennery, Esq.*